UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---
DAMONE TAREE SAVAGE,
        Plaintiff,

v.

MICHAEL ACQUINO, et al.,
        Defendants.

DECISION & ORDER
13-CV-6376-JWF

## Factual Background

Plaintiff commenced a civil rights lawsuit against members of the Buffalo Police department alleging excessive force. Before the Court is a request by the defendants to have the Court conduct an *in camera* review of an Internal Affairs Division ("IAD") file maintained by the City of Buffalo Police Department regarding the incident from which plaintiff's lawsuit stems. The defendants claim that the IAD report contains information regarding the defendants that is confidential and not subject to disclosure pursuant to New York Civil Rights Law § 50-a. Plaintiff argues that the IAD report is relevant and material and should therefore be disclosed to plaintiff.

## Discussion

New York Civil Rights Law § 50-a restricts the production of a police officer's confidential personnel or disciplinary records absent "express written consent" of the officer or a court order. Levy v. Harrington, No. 09cv720A, 2011 WL 5191796, at *2 (W.D.N.Y. Oct. 31, 2011). "The purpose of the statue is to prevent

1

irrelevant materials from disclosure." Crenshaw v. Herbert, No. 03-cv-6385, 2005 WL 8149043, at *2 (W.D.N.Y. Sept. 9, 2005). "However, N.Y. Civ. Rights Law § 50-a 'does not govern discovery in federal cases, and there is no analogue in federal law to this provision.'" Ralph v. Town of Southampton, No. 15-CV-764 (JFB)(SIL), 2016 WL 3470041, at *7 (E.D.N.Y. June 16, 2016) (quoting Mercado v. Div. of New York State Police, 989 F. Supp. 521, 522 (S.D.N.Y. 1998)); see also Moroughan v. Cty. of Suffolk, No. 12-CV-512, 2015 WL 5475989, at *7 (E.D.N.Y. Sept. 16, 2015) ("In federal civil rights cases, issues of privilege are governed by federal law, not state law, and under federal law, there is no confidentiality privilege afforded to police records as there is under New York Civil Rights Law § 50-a.") (internal quotation and alteration omitted). However, "a strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policies.'" Crenshaw, 2005 WL 8149043, at *2 (quoting Ortiz v. Twedt, 2004 WL 941790, *4 (W.D.N.Y. Mar. 31, 2004)). As a result, federal courts generally to look to New York Civil Rights Law § 50-a to determine whether a document should be reviewed *in camera*, and, if so, to determine if the document is "relevant and material" and should be disclosed.

Defense counsel has made the IAD file available to the Court for review and I have conducted an *in camera* inspection to

2

determine whether the file materials are relevant and material to plaintiff's case and therefore subject to disclosure. Docket # 128. As a result of my *in camera* review, I find that the IAD and attached discs[1] contain materials that are directly relevant to plaintiff's claims. Indeed, the IAD report at issue here was generated as a result of plaintiff's complaint to the police department. It seems apparent that the file materials pertain to the physical altercation that forms the basis of plaintiff's complaint. See Worthy v. City of Buffalo, No. 11-CV-872A, 2014 WL 4640884, at * 3 (W.D.N.Y. Sept. 16, 2014) (finding that Buffalo Police Department internal affairs report should be disclosed because it was the "file for the incident alleged in the complaint").

Two of the documents in the IAD report appear to relate to defendants' disciplinary history - one is a "disciplinary card" for defendant Michael Acquino and the other is a "disciplinary card" for defendant Mark Hamilton. Each "disciplinary card" lists previous complaints lodged against defendants regarding use of force or harassment, both of which are at issue here. Without objection, this Court previously directed that defendants "provide Plaintiff's counsel copies of IAD investigations regarding

---

[1] One of the discs produced by defense counsel contains material in a format that the Court cannot review. Therefore, the disc labeled "E12 E. Delavan/Courtland 1/18/13 1800-1930" should be produced in readable format. The Court will then decide whether the contents of this disc should be disclosed as well.

3

probable cause, excessive force, and officer's truth or veracity allegations." Docket # 128. The Court is therefore convinced the material contained in the IAD file, including the disciplinary cards, is relevant and material to plaintiff's claims and is therefore discoverable. The fact that a document is discoverable does not necessarily mean that it is admissible at trial. Therefore, nothing herein shall preclude defense counsel from objecting to the admissibility of any document subject to production pursuant to this Decision and Order.

## Conclusion

The IAD file submitted to the Court for *in camera* review should be disclosed in full to plaintiff, with the exception of the one unreadable disc. If the defendants still contest the confidentiality of that disc, they should produce it to the Court in a readable format for my *in camera* review.

This matter is set for trial to begin on January 14, 2019 in Buffalo. The final pre-trial conference was initially scheduled for December 5, 2018 in Rochester. See Docket # 126. Due to a scheduling conflict, the final pre-trial is rescheduled to January 3, 2019 at 10:00 a.m. in my chambers in Rochester. Trial counsel must appear in person.

JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: October 19, 2018
Rochester, New York